NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAWRENCE R. MCCANN, CECIL MCCANN, JAMES H. EPPS, AND ARBELIA EPPS,**
*Plaintiffs-Appellants,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5122

---

Appeal from the United States Court of Federal Claims in consolidated case nos. 06-CV-216 and 06-CV-615, Judge Charles F. Lettow.

---

## ON MOTION

---

Before RADER, *Chief Judge*, LOURIE and SCHALL, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## ORDER

The United States moves to summarily affirm these federal tax cases relating to taxation of partnership transactions based on this court's prior decisions in

*Keener v. United States*, 551 F.3d 1358 (Fed. Cir. 2009) and *Prati v. United States*, 603 F.3d 1301 (Fed. Cir. 2010). The government's motion is opposed by the taxpayers.

The taxpayers in these suits invested in several limited partnerships sponsored by American Agri-Corp. (AMCOR) in the 1980s that were targeted by the Internal Revenue Service (IRS) as illegal tax shelters. In 1990 and 1991, the IRS issued notices of final partnership administrative adjustments (FPAA), disallowing the deductions attributable to the AMCOR partnerships and demanding that the partners pay the resulting deficiencies.

Representative partners filed suit in the United States Tax Court. Among the issues litigated was whether the adjustments were barred by the statute of limitations. While the Tax Court proceedings progressed, some partners chose to settle with the IRS, while other partners agreed to be bound by the Tax Court's statute of limitations determination in representative test cases.

In 2000, the Tax Court rejected the statute of limitations defense in the test cases, finding that one of the partnerships had failed to file a valid partnership return and that the other four had validly agreed through their tax matters partners ("TMP") to extend the time period pursuant to I.R.C. § 6229(b). Subsequently, the Tax Court entered stipulated decisions in all of the partnership cases. The IRS subsequently assessed additional interest against the partners under I.R.C. § 6621(c) for substantial underpayment of income tax attributable to tax-motivated transactions.

After paying the taxes, the taxpayers brought these tax refund cases in the United States Court of Federal Claims, asserting entitlement to a tax refund on the grounds that the assessments were made after the statute of limitations had expired, and the assessment of interest

under section 6621(c) was improper because the partnership transactions were not tax-motivated transactions.

The trial court held that it lacked jurisdiction over the refund claims because the taxpayers were prohibited by statute from bringing an action for a refund attributable to partnership items, and both claims, including the statute of limitations claim, were partnership items that should have been challenged in the partnership-level proceeding instead of in partner-level proceedings.

This appeal followed.

Federal Claims' jurisdiction over partnership tax refund actions is limited by statute. Pursuant to the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 648, the tax treatment of "partnership items" is determined in a single partnership-level proceeding, and section 7422(h) of the Internal Revenue Code enforces that principle by prohibiting partners from bringing individual actions "for a refund attributable to partnership items[.]"

In *Prati* and *Keener*, we held that statute of limitations claims and challenges as to whether section 6621(c) interest should have been assessed as sham transactions are "partnership items," and thus the taxpayers were required to raise the claim in the partnership level proceeding. *Prati*, 603 F.3d at 1306. Since the claims here are indistinguishable from those in *Prati* and *Keener*, the trial court's ruling that section 7422(h) bars these taxpayers from asserting their section 6621(c) interest and statute of limitations claims in these refund proceedings is clearly correct as a matter of law.

The taxpayers contend that the Tax Court had no jurisdictional authority to allow them to participate in the partnership-level Tax Court suits and raise their claims

earlier. But this argument was addressed and rejected by this court in *Prati*. There, we explained that even before the statutory amendment in 1997, tax partners could have participated in partnership level proceedings. *Prati*, 603 F.3d at 1307 n.4 ("[T]he 1997 amendment merely codified prior practice in the Tax Court; the appellants, as individual partners, were therefore free to participate in the partnership-level proceedings to litigate the statute of limitations issue.").

The cases on which the taxpayers rely that were decided after *Prati* are not to the contrary, because they do not address the Tax Court's authority to allow individual partners to participate in a timely filed partnership-level proceeding. *See A.I.M. Controls, LLC v. Comm'r of Internal Revenue*, 672 F.3d 390 (5th Cir. 2012) (holding that time period for filing petition within TEFRA's express filing period is jurisdictional); *see also Henderson ex rel. Henderson v. Shinseki*, ___ U.S. ___, 131 S. Ct. 1197, 1202-03 (2011) (directing courts to decide whether statutory filing periods are jurisdictional based on Congressional intent). Because the tax partners could have raised these claims during the Tax Court proceedings, we agree with the government that their attempts to distinguish themselves from the taxpayers in *Prati* and *Keener* in that regard are without merit.

Finally, the taxpayers contend that they are not bound by the prior stipulations and settlement agreements with regard to their claims, calling this court's attention to an affidavit of Mr. Behrens, the TMP who apparently negotiated the stipulated decisions in the Tax Court. Mr. Behren's affidavit states in relevant part that: "The IRS sought to have me concede the transactions were shams. I refused." The affidavit further purports to explain that his intent behind entering into the "Stipulation to be Bound" in the Tax Court was not to bind other

partnerships in relation to specific statute of limitations claims.

To the extent that the taxpayers are relying on Mr. Behren's affidavit to dispute that the transactions were tax motivated, this court has already rejected those lines of argument as directed to the nature of the partnership transaction and therefore barred by section 7422(h) from being raised before the Court of Federal Claims. *See Prati*, 603 F.3d at 1308-09. We therefore agree with the government that the judgments of the Court of Federal Claims should be summarily affirmed. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.").

Accordingly,

IT IS ORDERED THAT:

(1)   The motion is granted.   The judgments of the Court of Federal Claims are summarily affirmed.

(2)   Each side shall bear its own costs.


FOR THE COURT


/s/ Jan Horbaly
Jan Horbaly
Clerk