NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD E. DAHLBERG AND HEATHER H. DAHLBERG,**
*Plaintiffs-Appellants,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5081

---

Appeal from the United States Court of Federal Claims in case no. 01-CV-720, Judge Susan G. Braden.

---

## ON MOTION

---

Before RADER, *Chief Judge*, LOURIE and SCHALL, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## ORDER

The United States moves to summarily affirm this federal tax case relating to taxation of partnership transactions based on this court's prior decisions in *Keener v. United States*, 551 F.3d 1358 (Fed. Cir. 2009) and *Prati v.*

*United States*, 603 F.3d 1301 (Fed. Cir. 2010). The government's motion is opposed by the taxpayers.

The taxpayers in these suits invested in several limited partnerships sponsored by American Agri-Corp. (AMCOR) in the 1980s that were targeted by the Internal Revenue Service (IRS) as illegal tax shelters. In 1990 and 1991, the IRS issued notices of final partnership administrative adjustments (FPAA), disallowing the deductions attributable to the AMCOR partnerships and demanding that the partners pay the resulting deficiencies.

Representative partners filed suit in the United States Tax Court. While the Tax Court proceedings progressed, the taxpayers settled with the IRS. The IRS subsequently assessed additional interest against the partners under I.R.C. § 6621(c) for substantial underpayment of income tax attributable to tax-motivated transactions.

After paying the taxes, the taxpayers brought this tax refund case in the United States Court of Federal Claims, asserting entitlement to a tax refund on the grounds that the assessments were made after the statute of limitations had expired, and the assessment of interest under section 6621(c) was improper because the partnership transactions were not tax-motivated transactions.

The trial court held that it lacked jurisdiction over the refund claims because the taxpayers were prohibited by statute from bringing an action for a refund attributable to partnership items, and that both claims, including the statute of limitations claim, were partnership items that should have been challenged in the partnership-level proceeding instead of in partner-level proceedings.

This appeal followed.

Federal Claims' jurisdiction over partnership tax refund actions is limited by statute. Pursuant to the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 648, the tax treatment of "partnership items" is determined in a single partnership-level proceeding, and section 7422(h) of the Internal Revenue Code enforces that principle by prohibiting partners from bringing individual actions "for a refund attributable to partnership items[.]"

In *Prati* and *Keener*, we held that statute of limitations claims and challenges as to whether section 6621(c) interest should have been assessed as sham transactions are "partnership items," and thus the taxpayers were required to raise the claim in the partnership level proceeding. *Prati*, 603 F.3d at 1306. Since the claims here are indistinguishable from those in *Prati* and *Keener*, the trial court's ruling that section 7422(h) bars these taxpayers from asserting their section 6621(c) interest and statute of limitations claims in these refund proceedings is clearly correct as a matter of law.

The taxpayers attempt to distinguish their statute of limitations claim on the ground that, unlike the taxpayers in *Keener*, they are unwilling to stipulate that statute of limitations defenses fall within the IRS's regulatory definition of a "partnership item." *See Treas. Reg.* § 301.6231(a)(3)-1(b) (defining "partnership item" to include "the legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction, etc.").

That these taxpayers may not have conceded such ground does not alter the fact that their claims constitute partnership items, and are thus barred from refund proceedings. In *Keener*, this court found the IRS's defini-

tion of "partnership item" to be a permissible interpretation of the statutory language. Applying that definition, the *Keener* court concluded that it was broad enough to encompass the taxpayer's statute of limitations claims. That result, this court explained, was consistent with "TEFRA's dual goals of centralizing the treatment of partnership items and ensuring the equal treatment of partners." 551 F.3d at 1363-64 & n.3.

The taxpayers also contend that the Tax Court had no jurisdictional authority to allow them to participate in the partnership-level Tax Court suits and raise their claims earlier. But this argument was addressed and rejected by this court in *Prati*. There, we explained that even before the statutory amendment in 1997, tax partners could have participated in partnership level proceedings. *Prati*, 603 F.3d at 1307 n.4 ("[T]he 1997 amendment merely codified prior practice in the Tax Court; the appellants, as individual partners, were therefore free to participate in the partnership-level proceedings to litigate the statute of limitations issue.").

The cases on which the taxpayers rely that were decided after *Prati* are not to the contrary, because they do not address the Tax Court's authority to allow individual partners to participate in a timely filed partnership-level proceeding. *See A.I.M. Controls, LLC v. Comm'r of Internal Revenue*, 672 F.3d 390 (5th Cir. 2012) (time period for filing petition within TEFRA's express filing period is jurisdictional); *see also Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202-03 (2011) (directing courts to decide whether statutory filing periods are jurisdictional based on Congressional intent). Because the tax partners could have raised these claims during the Tax Court proceedings, we agree with the government that their attempts to distinguish themselves

from the taxpayers in *Prati* and *Keener* in that regard are without merit.

We therefore agree with the government that the judgment of the Court of Federal Claims should be summarily affirmed. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.").

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The judgment of the Court of Federal Claims is summarily affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s19