NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FILLMORE EQUIPMENT OF HOLLAND, INC., JOHN A. PRAG, LYNN E. PRAG, DONALD C. STECKER, AND ELISE STECKER,**
*Plaintiffs-Appellants,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5048

---

Appeal from the United State Court of Federal Claims in No. 07-CV-0341, Judge Marian Blank Horn.

---

**ON MOTION**

---

Before NEWMAN, REYNA, AND WALLACH, *Circuit Judges.*

NEWMAN, *Circuit Judge*.

## O R D E R

Appellants, Fillmore Equipment of Holland, Inc., John and Lynn Prag, and Donald and Elise Stecker, seek this court's review from an order of the United States Court of Federal Claims denying reconsideration of dismissal of

their partnership tax refund claims.  Because the court is in agreement with the government that the judgment of that court dismissing their claims for lack of jurisdiction is clearly correct as a matter of law, we grant the motion for summary affirmance.

The tax litigation involving the limited partnerships at the center of this case has a long history, summarized by this court in *Keener v. United States*, 551 F.3d 1358 (Fed. Cir. 2009), *Prati v. United States*, 603 F.3d 1301 (Fed. Cir. 2010), and again in *Fournier v. United States*, 2012 WL 6839784 (Fed. Cir. 2012) (granting summary affirmance), *cert. denied.* __ S. Ct. __, 2013 WL 6839784 (April 29, 2013), *Dahlberg v. United States*, 2012 WL 6839785 (Fed. Cir. 2012) (same), *Glass v. United States*, 2012 WL 6839771 (Fed. Cir. 2012) (same), *Kettle v. United States*, 2012 WL 6824087 (Fed. Cir. 2012) (same), *McCann v. United States*, 2012 WL 6839761 (Fed. Cir. 2012) (same), and *Keefe v. United States*, 407 Fed. Appx. 420 (Fed. Cir. 2010) (summarily affirming 53 appeals), *cert. denied* 131 S. Ct. 2119 (2011).  We will therefore assume familiarity and state only those facts necessary to resolve this motion.

In the 1980s, the taxpayers in this case all invested in limited partnerships managed by American Agri-Corp ("AMCOR"), a corporation that promoted tax shelters.  In the early 1990s, the Internal Revenue Service issued Notices of Final Partnership Administrative Adjustment ("FPAA"), disallowing certain deductions taken by these tax partners as "sham transactions."  After representatives of the partnerships failed to successfully challenge the FPAAs in the Tax Court, the taxpayers in this case paid their tax liabilities and enhanced interest for underpayment, and brought this suit in the Court of Federal Claims seeking a tax refund.

The Court of Federal Claims held that it lacked jurisdiction over the taxpayers' asserted claims that the stat-

ute of limitations had expired and the assessment of interest was improper because the partnership transactions were not tax motivated.  The court based its conclusion on the ground that such claims were "partnership items" and must have brought at the partnership-level proceeding instead of in partner-level proceedings pursuant to 26 U.S.C. § 7422(h).  That provision prohibits partners from bringing individual actions "for a refund attributable to partnership items[.]"  After the appellants' motion for reconsideration of that decision was denied on April 30, 2012, this appeal followed.

In *Prati* and *Keener*, we held that statute of limitations claims and challenges as to whether section 6621(c) interest should have been assessed as sham transactions are "partnership items," and thus the taxpayers were required to raise the claims in the partnership level proceeding.  *Prati,* 603 F.3d at 1306.  Since the claims here are indistinguishable from those in *Prati* and *Keener*, the trial judges' rulings that section 7422(h) bars these taxpayers from asserting their section 6621(c) interest and statute of limitations claims in these refund proceedings are clearly correct as a matter of law.  Accordingly, summary affirmance of the judgment is appropriate.  *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.").

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted.  The judgment of the United States Court of Federal Claims is affirmed.

(2)  Each side shall bear its own costs.

4                    FILLMORE EQUIPMENT OF HOLLAND v. US

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk

s19