O’MALLEY, Circuit Judge,
concurring.
It is undisputed that the Internal Revenue Service (“IRS”) ordinarily must assess taxes within three years after a return is filed. On appeal, the parties dispute which rules govern extension of that three year period for taxes that are attributable to allegedly fraudulent partnership items. The government contends that the general exception for fraudulent returns contained in Section 6501(c)(1) of the Internal Revenue Code (“I.R.C”) applies here and provides an unlimited assessment period, regardless of the absence of any fraudulent intent on behalf of the taxpayer. Appel- *1351 lees BASR Partnership and William F. Pettinati, Sr., Tax Matters Partner, (collectively, “BASR”) argue, to the contrary, that the specific rules set forth in § 6229(c)(1) apply to allegedly fraudulent partnership returns and to tax attributable to allegedly false partnership items reported on the individual partners’ returns and, alternatively, that if § 6501(c)(1) controls, the time for assessing a tax under that provision may not be extended where the taxpayer acts with no intent to evade tax. I agree with BASR on both points. More specifically, I agree with both BASR and the majority that, under § 6501(c)(1), it is the taxpayer (or possibly his authorized agent) who must have the requisite “intent to evade tax” before the IRS is authorized to go beyond the three year statute of limitations in § 6501.[1] And, because the government concedes that the taxpayers here did not act with that intent, I agree that the IRS’s adjustments and penalty determinations were untimely. As a threshold matter, however, I believe that resolution of this appeal is governed by the specific rules Congress created to determine the limitations period for making assessments attributable to partnership items: § 6229.
Where, as here, the government is arguing that the statute of limitations remains open solely because of alleged fraud on a partnership return, the special rules set forth in § 6229 for partnerships must apply. Although the majority suggests that our prior case law requires application of § 6501(c)(1) to the exclusion of § 6229(c)(1), I disagree. See Majority Op. at 1341 n. 1. As explained below, the plain language of the statutory scheme, canons of statutory interpretation, legislative intent, and judicial precedent all indicate that § 6229(c)(1) is the governing limitations period for the circumstances at issue here. To hold otherwise would permit the government to reconstruct the statutory scheme in a way that renders § 6229 meaningless. Because application of § 6229 here leads to the same ultimate conclusion the majority reaches — which is that the Court of Federal Claims correctly determined that the Final Partnership Administrative Adjustment (“FPAA”) was untimely — I join the majority opinion with the exception of footnote 1.
I. Plain Language
Turning first to the statutory language, § 6501(a) provides that, ordinarily, the *1352 IRS must assess taxes “within 3 years after the return was filed.” 26 U.S.C. § 6501(a). Subsections 6501(c)-(m) contain a number of exceptions to the standard three year period, including an indefinite extension permitting the.IRS to assess tax at any time in the event of a “false or fraudulent return with the intent to evade tax.” I.R.C. § 6501(c)(1). But to determine whether the standard three year limitations period is extended “in the case of partnership items,” § 6501(n)(2) cross references § 6229. I.R.C. § 6501(n)(2) (“For extension of period in the case of partnership items (as defined in section 6231(a)(3), see section 6229.”)).
Section 6229 is one of several provisions' that Congress added to the Code when it enacted the Tax Equity and Fiscal Re-, sponsibility Act of 1982 (“TEFRA”). As the majority recognizes, TEFRA was designed to coordinate procedures “for determining the proper treatment of ‘partnership items’ at the partnership level in a single, unified audit and judicial proceeding.” Alpha I, L.P., ex rel. Sands v. United States, 682 F.3d 1009, 1019 (Fed.Cir.2012).[2] The parties agree that whether a partnership return is fraudulent such that an extended statute of limitations period should apply is a “partnership item.” See Prati v. United States, 603 F.3d 1301, 1307 (Fed.Cir.2010) (“Based on Keener, we hold that the statute of limitations issue is a partnership item and that the Pratis and the Deegans were required to raise the limitations issue in the partnership-level proceeding prior to either entering settlement or stipulating to judgment in the Tax Court.”); Keener v. United States, 551 F.3d 1358, 1366 (Fed.Cir.2009) (“[T]he nature of a partnership’s transaction — -and, specifically, whether a partnership transaction is a ‘sham’' — is a partnership item.”).
By its terms, § 6229 governs the limitations period for making assessments attributable to partnership items and generally allows the IRS three years from the date that a partnership tax return is filed to assess tax that is attributable to any partnership item. I.R.C. § 6229(a). Looking to the statutory text, we have explained that:
Sections 6501 and 6229 operate in tandem to provide a single limitations period. When an assessment of tax involves a partnership item or an affected item, section 6229 can extend the time period that the IRS otherwise has available under section 6501 to make that assessment. Thus, the limitations period is the period defined by section 6501, as extended when appropriate by section 6229.
Prati, 603 F.3d at 1307 (internal citations omitted).
Section 6229 contains several exceptions that can extend the period for assessing tax that is attributable to partnership items. In particular, § 6229(c) contains a “[sjpecial rule in case of fraud” which: (1) applies only if at least one partner has “the intent to evade tax;” and (2) takes into consideration each individual partner’s level of participation in the partnership return and, thus, in any fraud. I.R.C. § 6229(c)(1). For partners who sign or participate in the preparation of a partnership return which includes a false or fraudulent item, the tax may be assessed at any time. I.R.C. § 6229(c)(1)(A). In the case *1353 of all other partners, § 6229(c)(1)(B) gives the IRS six years, instead of three, to assess tax attributable to partnership items. For non-participating partners, the IRS is given this extra three year period without the burden of proving any “intent to evade tax” on behalf of those partners.
Other portions of §§ 6501 and 6229 likewise support the conclusion that § 6229 governs extension of the time in which the IRS can assess taxes attributable to partnership items. For example, the only subsection of § 6229 that specifically identifies “[cjoordination with section 6501” provides that any extension by agreement between the IRS and the taxpayer under § 6501(c)(4) “shall apply with respect to the period described in subsection (a) only if the agreement expressly provides that such agreement applies to tax attributable to partnership items.” I.R.C. § 6229(b)(3). By virtue of this statutory language, “normal extensions of a partner’s personal limitations period pursuant to section 6501(c)(4) are NOT applicable to extend the period of limitations with respect to partnership items UNLESS the agreement expressly so provides.” Rhone-Poulenc Surfactants & Specialties, L.P. v. Comm’r, 114 T.C. 533, 567 (2000) (Parr, J., dissenting). Congress’ decision to incorporate § 6501 into one section of § 6229 demonstrates that § 6501 does not control the time in which the IRS has to assess taxes attributable to partnership items without consideration of the specific rules set forth in § 6229. And, if Congress had wanted to add a provision for coordination with § 6501(c) into § 6229(c), it could have done so.
Read in its entirety, the plain language of the statute makes clear that § 6229 governs whether and for how long the standard three-year period the IRS has to assess tax may be extended for tax attributable to partnership items. The government does not dispute that the alleged fraud on BASR’s return is a “partnership item” or that the allegedly fraudulent items on the partners’ returns flow from that partnership item.[3] Accordingly, § 6229(c)(1) dictates whether the standard three-year assessment period is extended due to alleged fraud on a partnership return.
II. Canons op StatutoRY INTERPRETATION
Reading § 6501(c)(1) to govern how long the limitations period is extended for partnership items violates at least two canons of statutory interpretation. The first is *1354 that “the specific governs the general.” See RadLAX Gateway Hotel, LLC v. Amalgamated Bank, — U.S. —, 132 S.Ct. 2065, 2070-71, 182 L.Ed.2d 967 (2012). As noted, this is a partnership proceeding and § 6229(c) — entitled a “[s]pecial rule in case of fraud” — contains specific rules extending the statute of limitations for fraudulent items on partnership returns. Where, as here, the government is arguing that the statute of limitations remains open solely because the item on the partner’s individual return flows from BASR’s allegedly fraudulent partnership return, the rules applicable to partnerships should apply. Congress created a detailed and comprehensive scheme to govern how partnership returns are to be processed and addressed. As part of that scheme, the tax is paid only on the partner’s individual returns, but its tax treatment is determined and assessed at the partnership level.
Perhaps more importantly, the government’s reading of the statutory scheme renders § 6229(c)(1) superfluous, violating “the well-settled rule of statutory construction that all parts of a statute, if at all possible, are to be given effect.” Weinberger v. Hynson, Westcott & Dunning, Inc., 412 U.S. 609, 633, 93 S.Ct. 2469, 37 L.Ed.2d 207 (1973). As noted, § 6229(c)(1)(A) gives the IRS unlimited time to assess tax “attributable to any partnership item” against partners who, “with the intent to evade tax,” signed or participated in the preparation of a partnership return which includes a false or fraudulent item. If the government were correct that a fraudulent partnership return can cause the partners’ returns to be fraudulent within the meaning of § 6501(c)(1), then in any case where § 6229(c)(1)(A) would apply, § 6501(c)(1) would also apply to give the IRS an unlimited time to assess the same tax. Section 6229(c)(1)(A) would have no independent meaning because the fraud that satisfies that provision would always also satisfy § 6501(c)(1). Likewise, if a fraudulent partnership item reported on an individual partner’s return makes that partner’s return fraudulent under § 6501(c)(1) — regardless of whether that partner acted with an intent to evade tax — then the six year limitation contemplated in § 6229(c)(1)(B) becomes meaningless. Under what possible circumstances would that six year period ever apply?
Although this court has not specifically addressed the interpretation of and interplay between § 6501(c)(1) and § 6229(c)(1), the Tax Court sitting as a full court explained the relationship between these statutory provisions in Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533 (2000). There, the taxpayer explained that § 6229(c)(1)(A) “provides an unlimited section 6229(a) assessment period for deficiencies attributable to partnership items and affected items of a partner who, acting with intent to evade taxes, signs or participates in the preparation of a false or fraudulent partnership return.” Id. at 547. The taxpayer argued that § 6229 provides a stand-alone statute of limitations for taxes attributable to partnership items and that § 6501 does not factor into the analysis. Id. at 537. According to the taxpayer, § 6229(c)(1)(A) would be “superfluous if the controlling statute of limitations on assessments of deficiencies attributable to partnership items and affected items is contained in section 6501, because section 6501(c)(1) contains an identical unlimited assessment period.” Id. at 547.
The Tax Court found that § 6229(c)(1) retained independent meaning, however, *1355 because it “deals specifically with partnership returns,” and, “[ujnlike section 6501(c)(1), section 6229(c)(1) applies only to tax attributable to partnership items or affected items.” Id. at 548^49. The court explained that the time to assess tax against an individual partner could remain open under § 6501(c)(1) based on that partner’s fraud unrelated to the partnership return:
Section 6501(c)(1) would literally apply to a partner whose individual or corporate return was fraudulent regardless of whether the partnership return was fraudulent. Section 6501(c)(1) allows for an unlimited period for assessing any tax for the year in which a fraudulent return was filed regardless of whether some of the tax may be due to nonfraud-ulent items. Thus, if section 6501(c)(1) applies to a particular taxable year, it clearly permits an open-ended period for any assessment of tax even if part of the assessment was based on nonfraudulent partnership items.
Id. at 548 (internal citations omitted). In other words, the Tax Court has taken the position that § 6501(e)(1) applies in the partnership context only when the partner’s return is fraudulent for reasons independent from the partnership return. See id. The government’s suggestion that a fraudulent partnership return makes its partners’ returns fraudulent collapses the distinction between § 6501(c)(1) and § 6229(c)(1)(A) because fraud that would trigger § 6229(c)(1)(A) would, under the government’s theory, always cause § 6501(c)(1) to apply. And, as the Tax Court noted, unlike § 6501(c)(1), § 6229(c)(1)(B) “provides a separate 6-year period for assessment of taxes for partners who did not sign or participate in the preparation of the fraudulent return.” Id. at 549.
Read together, therefore, § 6229(c)(1) and § 6501(c)(1) reveal that the fraud on an individual partner’s return that can keep that partner’s statute of limitations open under § 6501(c)(1) must be separate from any fraud on or flowing from the partnership return. See id. at 548-49 (noting that “section 6229(c)(1)(A) applies to tax attributable to partnership items if it is the signer’s own taxes that will be reduced, but that possible limited overlap with section 6501(c)(1) is insufficient for us to conclude that section 6229(e)(1) is superfluous, given the disjunction between intent and underpayment contained in section 6229(c)(1)”). The government’s theory that fraud on a partnership return renders the partners’ individual returns fraudulent and thus subject to § 6501(c)(1) would write § 6229(c)(1) out of the statute.
III. CONGRESSIONAL INTENT
In addition to rendering § 6229(c)(1) meaningless, the government’s construction of the statutory scheme violates Congressional intent. The express language of § 6229(c)(1) reflects Congress’ intent that at least one partner in a partnership must intend to evade tax for the partnership return to be considered fraudulent for purposes of extending the statute of limitations. See I.R.C. § 6229(c)(1) (“If any partner has, with the intent to evade tax, signed or participated directly or indirectly in the preparation of a partnership return which includes a false or fraudulent item,” the IRS has additional time to assess tax attributable to that item depending on the partner’s level of involvement). Indeed, this court has recognized that “[a] purpose of the ‘intent to evade taxes’ requirement [in Section 6229(c)(1) ] is to protect limited partners from an extension of the Commissioner’s time for assessing additional taxes against them where the partner who *1356 signed the return did not know that it contained false items.” Transpac Drilling Venture v. United States, 83 F.3d 1410, 1415 (Fed.Cir.1996).
The statutory language further reveals Congress’ intent that the IRS has only an additional six years to assess tax attributable to partnership items against partners who were not involved in preparing the fraudulent partnership return. See I.R.C. § 6229(c)(1)(B). If the government were correct that § 6501 controls, then the IRS could bypass the six-year limitation period in § 6229(c)(1)(B) and rely solely on § 6501(c)(1) to extend indefinitely the time that the IRS has to assess tax against any partner. It would make no sense for Congress to enact § 6229(c)(1)(B) to extend the statute of limitations from three to six years if the government is right that the same exact conduct permits the IRS to assess the tax “at any time” under § 6501(c)(1).
Given this statutory structure, § 6229(c)(1) applies to extend the time that the IRS has to assess tax attributable to partnership items against all partners depending on their level of involvement with the return, whereas § 6501(c)(1) extends the time the IRS has to assess tax against a specific partner based on fraud that is not attributable to partnership items. See Rhone-Poulenc, 114 T.C. at 548-49. To hold otherwise would contravene Congress’ express intent.
IV. Applicable Case Law
Finally, courts, including this one, have applied § 6229(c)(1) — not § 6501(c)(1) — to determine the statute of limitations applicable where the partnership’s tax return contains false or fraudulent partnership items. See Transpac, 83 F.3d at 1414-15 (applying Section 6229(c)(1) where one of the partners signed the partnership’s return “which reported false losses” knowing “that the limited partners would use those losses to reduce their own taxes”); see also River City Ranches v. Comm’r, 313 Fed.Appx. 935, 937 (9th Cir.2009) (“Section 6229(c)(1) requires consideration of the intent of the partner who participated in the preparation of the partnership returns.... Whether the individual partners intended fraud on their individual returns has no bearing on a partnership level proceeding.”).
The government cites our decision in AD Global Fund, LLC v. United States, 481 F.3d 1351 (Fed.Cir.2007) for the proposition that § 6229 “does not create an independent statute of limitations,” but instead “creates a minimum period during which the period for tax assessments for partnership items may not end.” Id. at 1354 (internal citation and quotation marks omitted). There, the taxpayer argued that § 6229(a) “provides a separate statute of limitations for tax assessments on partnership items and that the FPAA was untimely under § 6229(a).” Id. at 1353. We rejected that argument, finding that “Section 6501 explicitly provides that it applies to any tax imposed by the title, which would include tax imposed for partnership items.” Id. at 1354. We subsequently reiterated that: (1) Sections 6501 and 6229 work together to provide a “single limitations period”; and (2) when a tax assessment “involves a partnership item or an affected item, section 6229 can extend the time period that the IRS otherwise has available under section 6501 to make that assessment.” Prati, 603 F.3d at 1307.
The Court of Federal Claims and the majority here read AD Global to mean that § 6501 — not § 6229 — controls our *1357 analysis with respect to the timeliness of the FPAA. See BASR P’ship v. United States, 113 Fed.Cl. 181, 192 (2013); Majority Op. at 1341 n. 1. To be sure, AD Global held that § 6229(a) creates a minimum period of limitations for partnership items and that minimum period “may expire before or after the maximum period provided in § 6501.” AD Global, 481 F.3d at 1354. But AD Global was focused on the interplay between § 6501(a) and § 6229(a); it had no occasion to consider the relationship between § 6501(c) and § 6229(c). Unlike the taxpayer in AD Global, BASR does not argue that § 6229 creates an independent statute of limitations for partnership items that can cut short the standard three-year period provided in § 6501(a). Instead, it maintains that § 6501(a) creates the standard time period for assessing tax, while § 6229 contains special rules that govern when that time period can be extended for tax treatment of partnership items. This approach— which I believe is consistent with the statutory scheme — remains true to our prior indication that “Sections 6501 and 6229 operate in tandem” while at the same time recognizing that Congress expressly created more detailed rules for fraudulent partnership returns in § 6229(c)(1). See Prati, 603 F.3d at 1307.[4]
As applied here, because the government has not alleged that any partner acted with intent to evade tax, the standard three year limitations period contained in § 6229(a) applies. And, because BASR filed the partner ship tax returns at issue in October 2000, the time the IRS had to assess tax attributable to partnership items expired in October 2003, more than six years before the IRS issued the FPAA to BASR in 2010. See BASR, 113 Fed.Cl. at 184-85. Accordingly, the time the IRS had to assess additional tax against BASR’s admittedly innocent partners expired before the IRS issued the FPAA that gave rise to this case.
V. Conolusion
Although I agree that the decision in this case is correct if we are required to apply § 6501, and therefore concur in the court’s judgment, I do not agree that § 6501 is controlling in these circumstances, where the allegedly fraudulent items flow only from a partnership return. For the reasons discussed above, I believe that § 6229 works in conjunction with § 6501, and that, in the partnership context, § 6229(c)(1) contains the rules that dictate when fraudulent items on a partnership return extend the time the IRS has to assess tax attributable to partnership items. Section 6501(c) governs the statute of limitations as to all other items on an individual partner’s return, but not the partnership items at issue here.

. In addition to the many cogent points made by the majority, it is worth noting one practical reality. Mayer spent fifteen years conceiving of and promoting the use of the transactions at issue here, even employing them for himself. No doubt, his primary intent was to make money by providing legal advice regarding these transactions and their structure. His business would have had little success if he were not able to provide credible grounds upon which the clients to whom he pitched these transactions could rest assured that they were legal. Now, after years of maintaining the contrary — and years after his clients assumed their tax returns were beyond attack — Mayer claims he personally intended that his clients would evade tax when he provided legal advice to them. On this basis alone, the government asserts it is free to pursue Mayer’s clients without the restraint of any limitations period because, the government argues, "[t]he source of the fraud” is irrelevant. Appellant Reply 4. But that position cannot be squared with either the statutory language or the purpose behind the statutes of limitations in both § 6501 and § 6229: finality. The IRS should have the ability to pursue fraud by taxpayers without undue restriction, and should be permitted to pursue third parties who engage in improprieties that ultimately result in the underpayment of taxes; indeed, it already has the tools to do both. It should not, however, be able to conflate the desire to accomplish those two goals by rendering meaningless the statute of limitations Congress put in place to assure finality for innocent taxpayers.

. A “partnership item” is "any item required to be taken into account for the partnership's tax year” if the applicable regulations provide that the item "is more appropriately determined at the partnership level than at the partner level.” 26 U.S.C. § 6231(a)(3).

. The government posits that § 6229(c)(1) should not apply here because “the United States does not rely on BASR's fraudulent returns, but rather on the Pettinatis’ fraudulent returns, as the basis for an unlimited limitations period.” Appellant Br. 59. According to the government, § 6501(c)(1) is the relevant exception to the limitations period with respect to a fraudulent taxpayer return. In its Answer to BASR’s Complaint, however, the government asked for judgment in its favor "determining that the adjustments to the partnership returns of BASR Partnership made by the FPAA are correct.” Answer at 8, BASR P’ship v. United States, No. 1:10-cv-244 (Fed.Cl. Aug. 10, 2010), ECF No. 11. And, it alleged that "the statute of limitations for assessing tax remains open in this case pursuant to 26 U.S.C. §§ 6501(c)(1) and 6229(c)(1).” Id. at 6 (emphasis added). As BASR points out, it is clear that the only reason the government believes the partners’ returns were fraudulent is because of the alleged fraud on the partnership return. And, it is clear that, under TEFRA, no partnership item ever appears on a partner’s return except as dictated by the partnership return itself. The government does not claim that the’individual partners/taxpayers here committed any fraud, either in connection with the partnership return or in connection with their own individual returns.

. To the extent that our decision in AD Global forecloses this approach, I believe it should be revisited.