# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 24, 2012

No. 11–60044

Lyle W. Cayce
Clerk

A.I.M. CONTROLS, L.L.C.; RESAM HOLDINGS TRUST; CLIFFORD
WILLIAM, trustee, a partner other than the tax matters partner,

Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeal from the Decision
of the United States Tax Court

Before BARKSDALE, GARZA, and ELROD, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

A.I.M. Controls, L.L.C., Resam Holdings Trust, and Clifford William
(together, the Petitioners) appeal the Tax Court's order dismissing their action
against the Commissioner of Internal Revenue ("Government") for lack of
jurisdiction.  We AFFIRM.

**I**

Royce and Susan Mitchell formed A.I.M. Controls, L.L.C. ("A.I.M.
Controls") in 1998 as a limited liability partnership under Texas law.  A.I.M.
Controls comprised two partners, RESAM Holdings Trust ("RESAM") and A.I.M.
Group Trust ("A.I.M. Group"), which the Mitchells created to generate an

inheritance for their children. Royce Mitchell acted as A.I.M. Group's managing director; Susan Mitchell as RESAM's. Neither Mitchell served as partner in A.I.M. Controls, A.I.M. Group, or RESAM. The record does not clearly reflect whether A.I.M. Controls designated either A.I.M. Group or RESAM to handle its tax matters.[1]

After auditing A.I.M. Controls, the Government determined that it was a sham partnership formed to avoid tax liability and issued notices of final partnership administrative adjustments ("FPAAs") to A.I.M. Controls and its partners on August 27, 2008. The FPAAs' effect was to disregard A.I.M. Controls for tax purposes and impose tax liability on its partners. Penalties accrued as well.

On November 18, 2008, Royce Mitchell sought from the district court readjustment of his personal tax liability, which purportedly resulted from the FPAAs. But because he failed to deposit his tax liability, as both the FPAAs advised and the statute explicitly requires, *see* 26 U.S.C. § 6226(e), the district court dismissed Mitchell's complaint for lack of jurisdiction in September 2009. The district court declined to address whether Mitchell was the proper plaintiff in that suit. *See* 26 U.S.C. § 6226(a) (allowing the "tax matters partner" to petition for readjustment within ninety days of the FPAA's issuance).

On October 19, 2009, the Petitioners challenged the FPAAs in the United States Tax Court by filing a readjustment petition. The Government moved for dismissal, asserting the petition was untimely under the Tax Equity and Fiscal Responsibility Act ("TEFRA"). The Petitioners objected that they could not have brought their petition while Royce Mitchell had an active suit and claimed that Congress intended the filing deadline in those instances to be tolled. Agreeing

---

[1] Clifford William, one of the Petitioners, was appointed as RESAM's trustee in 1998.

No. 11-60044

with the Government, the Tax Court dismissed for lack of jurisdiction. Petitioners now seek this court's review.

Their petition for review presents a single issue: whether the Tax Court lacked jurisdiction where the Petitioners failed to file their petition within TEFRA's express filing period. Jurisdictional questions are questions of law that this court reviews de novo. *Estate of Smith v. C.I.R.*, 429 F.3d 533, 537 (5th Cir. 2005). Federal courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011).

## II

TEFRA, which forms part of the Internal Revenue Code, instructs:

> (a) Petition by tax matters partner.—Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with–
> (1) the Tax Court,
> (2) the district court of the United States for the district in which the partnership's principal place of business is located, or
> (3) the Court of Federal Claims.
> (b) Petition by partner other than tax matters partner.—(1) In general.—If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year with any of the courts described in subsection (a).

26 U.S.C. § 6226(a)–(b).

3

No. 11-60044

This record reflects that no tax matters partner brought an action under § 6226(a) within ninety days of the FPAAs' issuance[2] and that the Petitioners are "partners other than tax matter partners" under § 6226(b). As non-tax matters partners, Petitioners were subject to a 150-day period in which to challenge the FPAAs. *See id.* § 6226(a)–(b).

The Government asserts that § 6226's time period requires our dismissal; it expired long before the Petitioners sought the Tax Court's review. The Petitioners contend that equitable tolling saves their action from dismissal. Whether equitable tolling applies depends on our evaluation of whether this time period, a procedural rule, is jurisdictional. *See Henderson*, 131 S. Ct. at 1201.

---

[2] If Royce Mitchell were a "tax matters partner," we would lack jurisdiction because § 6226(b)'s threshold requirement—that a tax matters partner not file a readjustment petition within ninety days—would not be met, *see* 26 U.S.C. § 6226(b)(1); *Columbia/St. David's Healthcare Sys. LP v. C.I.R.*, 264 F.3d 1140, at *3 (5th Cir. 2001) (unpublished) ("Under § 6226(b), the Tax Court has jurisdiction over a notice partner's petition filed after the ninety-day period for [tax matters partner] filing, only if the [tax matters partner] failed to file within the ninety-day period prescribed in § 6226(a)."), and § 6226(h) would bar further action challenging the FPAAs. *See* 26 U.S.C. § 6226(h) ("If an action brought under this section is dismissed . . . , the decision of the court dismissing the action shall be considered as its decision that the notice of final partnership administrative adjustment is correct.").

Although the district court declined to address whether Royce Mitchell was a tax matters partner, this record shows that Royce Mitchell was not a partner of A.I.M. Controls; by extension, he was not its designated tax matters partner. *See* 26 C.F.R. 301.6231(a)(7)-1(b)(i)–(ii) ("A person may be designated as the tax matters partner of a partnership for a taxable year only if that person . . . [w]as . . . or [i]s a general partner in the partnership."). Royce Mitchell was merely A.I.M. Group's managing director. Although the record suggests that A.I.M. Group was A.I.M. Control's tax matters partner, the record also shows that Royce Mitchell did not bring the action before the district court as A.I.M. Group's managing director or on its behalf. And the Government's briefing before the Tax Court reflects its understanding that Royce Mitchell was not a tax matters partner capable of sustaining an action under § 6226(a).

Because Royce Mitchell was not a tax matters partner of A.I.M. Controls, he lacked authority to bring an action under § 6226(a), and § 6226(h)'s bar was not triggered by the district court's dismissal of his action. *See generally Columbia/St. David's*, 264 F.3d 1140. Although we must "decide jurisdictional questions that the parties either overlook or elect not to press," *Henderson*, 131 S. Ct. at 1202, this record does not provide us with a clear basis to confidently dismiss based on the Petitioners' possible failure to satisfy § 6226(b)'s threshold requirement. We are, however, able to dismiss on other jurisdictional grounds.

4

No. 11-60044

In *Henderson ex. rel Henderson v. Shinseki*, 131 S. Ct. 1197, 1202–03 (2011), the Supreme Court clarified when procedural rules such as the filing period here should—and should not—be considered jurisdictional requirements. Like this dispute, *Henderson* confronted a missed filing deadline in the appeal of an administrative decision to an Article I tribunal. *Id.* at 1204. The petitioner had missed a 120-day statutory deadline to appeal the denial of federal benefits to the Veterans Court under the Veterans' Judicial Review Act. *Id.* at 1201. The lower courts held that the filing deadline was jurisdictional, but the Supreme Court reversed.

In doing so, the Supreme Court revisited whether procedural rules may be considered jurisdictional requirements, joining its "recent cases to bring some discipline to the use" of the jurisdictional label. *Id.* at 1202; *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006) ("'Jurisdiction . . . is a word of many, too many, meanings.'") (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 90 (1998)); *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1244 (2010) ("Our recent cases evince a marked desire to curtail such 'drive-by jurisdictional rulings' . . . . [W]e have encouraged federal courts and litigants to 'facilitat[e]' clarity by using the term 'jurisdictional' only when it is apposite.").

The Supreme Court unanimously held that "filing deadlines . . . are quintessential claim-processing rules" that "should not be described as jurisdictional" unless "there is any 'clear' indication that Congress wanted the rule to be 'jurisdictional.'" *Henderson*, 131 S. Ct. at 1203 (quoting *Arbaugh*, 546 U.S. at 515). But the high court did not hold that filing deadlines are never jurisdictional. *See id.* Rather, it carefully distinguished a recent decision which held as jurisdictional filing deadlines for ordinary civil appeals from Article III courts. *Id.* at 1204–06 (discussing *Bowles v. Russell*, 127 S. Ct. 2360 (2007)). The Supreme Court made clear that the "bright line rule for deciding such questions" turns on clear Congressional intent. *See id.* at 1203 ("With these

5

principles in mind, we consider whether Congress clearly prescribed that the deadline for filing a notice of appeal with the Veterans Court should be 'jurisdictional.'").

The statute here reflects that Congress intended to make § 6226's time limits jurisdictional; this case is distinguishable from *Henderson*. First, § 6226's text differs from that in the statute in *Henderson*: it links the filing deadline to the court's jurisdiction. *See* 26 U.S.C. § 6226(f). Although Petitioners assert otherwise, in the § 6226 subsection entitled "Scope of judicial review," Congress provided that a "court with which a petition is *filed in accordance with this section shall have jurisdiction* to determine all partnership items of the partnership for the partnership taxable year." *Id.* (emphasis added). And while this provision does not explicitly exclude jurisdiction without a timely filing, the statute provides stronger evidence of Congressional intent for a jurisdictional requirement than existed in *Henderson*. *See id.*

Further, *Henderson* categorically distinguished earlier cases that dealt with filing deadlines for Article III courts. *See Henderson*, 131 S. Ct. at 1204 ("All of those cases involved review by Article III courts. This case, by contrast, involves review by an Article I tribunal as part of a unique administrative scheme."). Petitioners rely primarily on this distinction to assert that the filing deadlines for the Article I Tax Court in this case should be non-jurisdictional. But Petitioners ignore that § 6226 applies its filing deadlines to review by Article I and Article III courts alike. We agree with the Government that it would be a strange result if the jurisdictional effect of § 6226 depended on the forum that the taxpayer chooses to challenge an FPAA. Even though this particular case involved an Article I court's review, Congress plainly intended for the same deadline to apply to Article III courts. *See* 26 U.S.C. § 6226(a)–(b).

*Henderson* also emphasized that it dealt with an appeal for a veteran's benefits under the "singular characteristics of [the Veterans Court] review

scheme" and the special "solicitude of Congress for veterans." *Henderson*, 131 S. Ct. at 1205. *Henderson* contrasted this less adversarial and protective review structure with ordinary civil litigation, in which a century of precedent and practice recently had led the Supreme Court in *Bowles v. Russell*, 127 S. Ct. 2360 (2007) to uphold filing deadlines as jurisdictional requirements. *Henderson*, 131 S. Ct. at 1205–06. Section 6226's review process more closely resembles ordinary civil litigation than a claim for veteran benefits:  it commands an adversarial process; either party may appeal an adverse decision; and the final judgment may be reopened only in narrow circumstances.  *See* § 6226(g) ("Any determination by a court under this section shall have the force and effect of a decision of the Tax Court or a final judgment or decree of the district court or the Court of Federal Claims . . . and shall be reviewable as such.").  Congress enacted TEFRA "in response to mushrooming administrative problems experienced by the IRS in auditing returns of partnerships, particularly tax shelter partnerships with numerous partners." *McKnight v. C.I.R.*, 7 F.3d 447, 451 (5th Cir. 1993) (internal quotations omitted); *see also United States v. Brockamp*, 519 U.S. 347, 352 (1997) ("Tax law, after all, is not normally characterized by case-specific exceptions reflecting individualized equities."). Unlike in *Henderson*, "[r]igid jurisdictional treatment" would not "clash sharply with this [review] scheme," thus providing further support that § 6226's time limits are jurisdictional.  *Henderson*, 131 S. Ct. at 1206.

Lastly, although Petitioners emphasize that in addition to *Henderson*, other Supreme Court cases have held similar threshold requirements to be non-jurisdictional, *see Arbaugh*, 546 U.S. at 504 (holding the employee-numerosity coverage requirement of Title VII was not a jurisdictional requirement); *Reed Elsevier*, 130 S. Ct. at 1241 (establishing that the Copyright Act's registration requirement does not restrict a federal court's jurisdiction), these cases merely illustrate the Supreme Court's recent willingness to ensure

that federal courts use the jurisdictional label carefully; they do not foreclose application of the jurisdictional label. Furthermore, other circuits have used the *Henderson* analysis to conclude that Congress nevertheless intended filing deadlines in other statutes to be jurisdictional. *See Mader v. United States*, 654 F.3d 794, 806–07 (8th Cir. 2011) ("apply[ing] the principles and precedents of *Henderson*" to the filing deadlines in the FTCA and concluding "that although [the deadline] may resemble a claim-processing rule, Congress has attached a jurisdictional label to the statute."); *United States v. Mann*, 435 F. App'x 254 (4th Cir. 2011) (distinguishing *Henderson* from circuit precedent that 18 U.S.C. § 3582(c) deprives the district court of jurisdiction to reconsider a denial of a motion for sentence reduction six months after denying the original motion).

Section 6226's terms convince us that § 6226's filing period is jurisdictional.[3] Because we hold that § 6226's 150-day limit is jurisdictional, we have no authority to alter it. *See Rich v. C.I.R.*, 250 F.2d 170, 175 (5th Cir. 1957). The plain language of the statute measures the 150-day filing period from the date the IRS mails the FPAA. It does not contemplate tolling. Petitioners filed the present petition 418 days after the FPAA was mailed—over 250 days too late.[4]

---

[3] Lending further support to our conclusion is that applying *Henderson* to hold that these filing deadlines are not jurisdictional would overturn this circuit's precedent that held the same 90-day filing deadlines in other sections of the Internal Revenue Code to be jurisdictional. *See, e.g.*, *Rich v. C.I.R.*, 250 F.2d 170, 175 (5th Cir. 1957) (interpreting the ninety-day deadline to petition for redetermination of a deficiency in § 6213(a) to hold that "[t]his is a hard case presenting a grossly inequitable situation, but neither the Tax Court nor this Court has any authority to relieve the taxpayer from the clear jurisdictional requirements of the law.").

[4] Nevertheless, Petitioners insist that the proper interpretation of the statute must allow tolling because § 6226 would otherwise require Petitioners to file a petition that would have been dismissed; thus, they assert, the statute is vague and must be disregarded. However, this argument assumes that Congress intended to allow non-tax matters partners to challenge tax determinations in all circumstances. Instead, the statute only allows non-tax matters partners to appeal when the tax matters partner does not. *Columbia/St. David's*, 264 F.3d at *3 (unpublished) ("[I]t is well established that the Tax Court lacks jurisdiction over

No. 11-60044

## III

For the reasons above, we AFFIRM.

---

petitions for readjustment of partnership items filed by notice partners in the presence of earlier, valid petitions filed by the [tax matters partner].") (internal quotation marks omitted). We agree with the Tax Court that tolling "is fundamentally at odds with the partnership items to be determined at the partnership level in a unified partnership provision." The plain language of § 6226 does not provide the kind of statutory tolling that Petitioners seek.