# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2012

No. 11-31211
Summary Calendar

Lyle W. Cayce
Clerk

In re:  In the Matter of the Complaint of DOWN SOUTH MARINE, L.L.C., as Owner and Operator of the Mr. Gage, and LEBLANC MARINE, L.L.C., for Exoneration from or Limitation of Liability

DOWN SOUTH MARINE, L.L.C.; LEBLANC MARINE, L.L.C.,

Petitioners–Appellants

v.

DAVID WILLIAMS; TERRENCE HANKTON,

Claimants–Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-1083

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioners–Appellants Down South and LeBlanc Marine appeal the district court's order dismissing their limitation of liability action, *see* 46 U.S.C. § 30511, for a lack of adverseness between the parties.  Because we agree with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-31211

the district court that no indemnity agreement existed between Down South and Country Boy, and thus there was no claim at issue between the parties, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from injuries allegedly incurred by David Williams and Terrence Hankton while aboard the flat-bottomed work boat M/V MR. GAGE. The M/V MR. GAGE is owned and operated by Down South Marine, LLC ("Down South"). Country Boy Construction and Environmental ("Country Boy") chartered the M/V MR. GAGE from Down South. Before doing so, Down South and Country Boy entered into an oral contract, whereby Down South agreed to list Country Boy as an "additional insured" on their its insurance policy. Both Williams and Hankton filed personal injury claims separately against Country Boy in Louisiana state court. Upon learning of the Williams's and Hankerton's personal injury suits, Country Boy sent a demand letter to Down South seeking indemnity.

Down South then filed this limitation of liability action in the United States District Court for the Eastern District of Louisiana. Leblanc Marine, LLC ("LeBlanc") joined that action as the employer of the M/V MR. GAGE's operator. Neither Down South nor LeBlanc is a party to Williams's and Hankerton's underlying personal injury suits. The district court dismissed the Appellants' action for lack of subject-matter jurisdiction, finding that there was no case or controversy at issue. Down South and LeBlanc timely appealed.

## II. STANDARD OF REVIEW

Jurisdictional questions are questions of law and reviewed de novo by this court. *A.I.M. Controls, L.L.C. v. Commissioner*, 672 F.3d 390, 392 (5th Cir. 2012). If the district court resolved questions of fact in order to make a decision as to jurisdiction, those fact issues are reviewed for clear error. *Rodriguez v. Christus Spohn Health Sys. Corp.,* 628 F.3d 731, 734 (5th Cir. 2010).

No. 11-31211

## III.  DISCUSSION

Section 30511 states: "The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within 6 months after the claimant gives the owner written notice of a claim."  46 U.S.C. § 30511.  By its terms, section 30511 requires that a vessel owner must have a claim brought against it in order to bring a limitation of liability action.  Here, the only possible claims against Down South and LeBlanc would stem from their relationship with Country Boy. Ben LeBlanc stated in his deposition testimony that he orally agreed with Country Boy to add Country Boy as an additional insured on their insurance of M/V MR. GAGE only; Mr. LeBlanc never agreed to indemnify Country Boy.  The only evidence of a possible indemnity agreement is the demand letter from Country Boy to Down South.  Further, this letter states that because Country Boy is an additional insured on the insurance policy, they demand Down South to indemnify and defend them.  There does not appear to be any separate indemnity agreement upon which Country Boy relies.

It is clear that adding a person to one's insurance policy does not give rise to indemnification.  *See Travelers Llyods Ins. Co. v. Pac. Emp'rs Ins. Co.*, 602 F.3d 677, 682 (5th Cir. 2010) ("A contract provision that extends direct insured status as an additional insured is deemed to be separate and independent from the indemnity agreement.").   Because there is no indemnity agreement, there is no claim against Down South or LeBlanc that would allow them to invoke § 30511.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM.