NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**E. HAFFNER FOURNIER, JOANNE D. FOURNIER, JOAN HEARLEY (INDIVIDUALLY AND AS TRUSTEE OF THE HEARLEY FAMILY TRUST), KEVIN P. REGAN, SHARON M. REGAN, ROBERT L. SPERLING, DARLENE J. SPERLING, JEFFREY STRUIKSMA AND CYNTHIA STRUIKSMA,**
*Plaintiffs-Appellants,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5056

---

Appeal from the United States Court of Federal Claims in case no. 06-CV-933, Judge Thomas C. Wheeler.

------------------------------------------------

**ROBERT G. MARTIN AND BERNICE V. MARTIN,**
*Plaintiffs-Appellants,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5057

Appeal from the United States Court of Federal Claims in case no. 03-CV-2272, Judge Edward J. Damich.

IRA H. BARRY, JANE E. BARRY, WADE E. BOGGS, DEBORAH A. BOGGS, THOMAS V. CHOREY, JR., BETTYE JEANNE CHOREY, DONALD HOLLY, ROSEANNE HOLLY, CHARLES H. JOHNSON, KAY A. JOHNSON, EDWARD J. MATONICH, JUDITH R. MATONICH, LAWRENCE R. SPIETH, ANNE T. SPIETH, THOMAS STAUFFACHER, LINDA STAUFFACHER, RICHARD L. WAKENIGHT AND PATRICIA R. WAKENIGHT,
*Plaintiffs-Appellants,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

2012-5071

Appeal from the United States Court of Federal Claims in case no. 03-CV-200, Senior Judge Eric G. Bruggink.

**ON MOTION**

Before RADER, *Chief Judge*, LOURIE and SCHALL, *Circuit Judges.*

SCHALL, *Circuit Judge.*

# ORDER

The United States moves to summarily affirm these federal tax cases relating to taxation of partnership transactions based on this court's prior decisions in *Keener v. United States*, 551 F.3d 1358 (Fed. Cir. 2009) and *Prati v. United States*, 603 F.3d 1301 (Fed. Cir. 2010). The government's motion is opposed by the taxpayers.

The taxpayers in these suits invested in several limited partnerships sponsored by American Agri-Corp. (AMCOR) in the 1980s that were targeted by the Internal Revenue Service as illegal tax shelters. In 1990 and 1991, the IRS issued notices of final partnership administrative adjustments (FPAA), disallowing the deductions attributable to the AMCOR partnerships and demanding that the partners pay the resulting deficiencies.

Representative partners filed suit in the United States Tax Court. Among the issues litigated was whether the adjustments were barred by the statute of limitations. While the Tax Court proceedings progressed, some partners chose to settle with the IRS, while other partners agreed to be bound by the Tax Court's statute of limitations determination in representative test cases.

In 2000, the Tax Court rejected the statute of limitations defense in the test cases, finding that one of the partnerships had failed to file a valid partnership return and that the other four had validly agreed through their tax matters partners ("TMP") to extend the time period pursuant to I.R.C. § 6229(b). Subsequently, the Tax Court entered stipulated decisions in all of the partnership cases. The IRS subsequently assessed additional interest against the partners under I.R.C. § 6621(c) for substantial underpayment of income tax attributable to tax-motivated transactions.

After paying the taxes, the partners brought tax refund cases in the United States Court of Federal Claims, asserting entitlement to a tax refund on the grounds that the assessments were made after the statute of limitations had expired, and the assessment of interest under section 6621(c) was improper because the partnership transactions were not tax-motivated transactions.

Of those cases, 77 were assigned to the same trial court judge. The trial court held that it lacked jurisdiction over the refund claims because the taxpayers were prohibited by statute from bringing an action for a refund attributable to partnership items, and both claims, including the statute of limitations claim, were partnership items that should have been challenged in the partnership-level proceeding instead of in partner-level proceedings. Those jurisdictional conclusions have since been affirmed by this court.

After disposing of the common jurisdictional issues, the trial court entered judgment in these cases, dismissing the taxpayers' complaints. The taxpayers filed a motion for reconsideration requesting that the judgments be vacated. The court denied that motion, but vacated the judgments in 17 cases, these cases among them, to allow the taxpayers to present additional case-specific claims. In granting that portion of the motion, however, the trial court stated that it was vacating the judgments only "for the limited purpose of allowing plaintiffs to pursue any unresolved, case-specific claims that may still be outstanding."

The cases were then reassigned to different judges. Although the taxpayers here originally suggested there were case-specific claims outstanding, they subsequently dropped or waived those claims, and moved again for

consideration on the issues of the statute of limitations defense and penalty interest. Those motions were denied.

These appeals followed.

The Court of Federal Claim's jurisdiction over partnership tax refund actions is limited by statute. Pursuant to the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402(a), 96 Stat. 648, the tax treatment of "partnership items" is determined in a single partnership-level proceeding, and section 7422(h) of the Internal Revenue Code enforces that principle by prohibiting partners from bringing individual actions "for a refund attributable to partnership items[.]"

In *Prati* and *Keener*, we held that statute of limitations claims and challenges as to whether section 6621(c) interest should have been assessed as sham transactions are "partnership items," and thus the taxpayers were required to raise the claims in the partnership level proceeding. *Prati*, 603 F.3d at 1306. Since the claims here are indistinguishable from those in *Prati* and *Keener*, the trial judges' rulings that section 7422(h) bars these taxpayers from asserting their section 6621(c) interest and statute of limitations claims in these refund proceedings are clearly correct as a matter of law.

In arguing against summary affirmance, the taxpayers contend that the Tax Court had no jurisdictional authority to allow them to participate in the partnership-level Tax Court suits and raise their claims earlier. But this argument was addressed and rejected by this court in *Prati*. There, we explained that even before the statutory amendment in 1997, tax partners could have participated in partnership level proceedings. *Prati*, 603 F.3d at 1307 n.4 ("[T]he 1997 amendment merely codified prior practice in the Tax Court; the appellants, as individual partners,

were therefore free to participate in the partnership-level proceedings to litigate the statute of limitations issue.").

The cases on which the taxpayers rely that were decided after *Prati* are not to the contrary, because they do not address the Tax Court's authority to allow individual partners to participate in a timely filed partnership-level proceedings. *See A.I.M. Controls, LLC v. Comm'r of Internal Revenue*, 672 F.3d 390 (5th Cir. 2012) (time period for filing petition within TEFRA's express filing period is jurisdictional); *see also Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202-03 (2011) (directing courts to decide whether statutory filing periods are jurisdictional based on Congressional intent). Because the tax partners could have raised these claims during the Tax Court proceedings, we agree with the government that their attempts to distinguish themselves from the taxpayers in *Prati* and *Keener* are without merit.

Finally, the taxpayers contend that they are not bound by the prior rulings, calling this court's attention to an affidavit of Mr. Behrens, the TMP who apparently negotiated the stipulated decisions in the Tax Court. Mr. Behren's affidavit states in relevant part that: "The IRS sought to have me concede the transactions were shams. I refused." The affidavit further purports to explain that his intent behind entering into the "Stipulation to be Bound" in the Tax Court was not to bind other partnerships in relation to specific statute of limitations claims.

To the extent that the taxpayers are relying on Mr. Behren's affidavit to dispute that the transactions were tax motivated, this court has already rejected those lines of argument as directed to the nature of the partnership transaction and therefore barred by section 7422(h) from being raised before the Court of Federal Claims. *See Prati*, 603 F.3d at 1308-09. To the extent that the tax-

payers contend that Federal Claims erred in denying their motion for reconsideration in light of Mr. Behrens' affidavit, we discern no abuse of discretion in the trial court's determination. Notably, the trial court judges explained that as chairman of AMCOR, Behrens was readily available to provide his statements earlier in the proceedings, yet he did not do so. The judges further explained that the affidavit was self-serving and thus did not provide a proper basis for reconsideration.

We therefore agree with the government that the judgments of the Court of Federal Claims should be summarily affirmed. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.").

Accordingly,

IT IS ORDERED THAT:

(1) The judgments of the Court of Federal Claims are summarily affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

NOV 2 7 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Thomas E. Redding, Esq.
    Steven K. Uejio, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 2 7 2012

JAN HORBALY
CLERK