**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SNJ LIMITED; RITCHIE N. STEVENS;
JULIE A. KEENE-STEVENS,
                  *Petitioners-Appellants*,

v.

COMMISSIONER OF INTERNAL
REVENUE,
                  *Respondent-Appellee*.

No. 20-70902

Tax Ct. No.
11284-18

OPINION

Appeal from a Decision of the
United States Tax Court

Argued and Submitted November 17, 2021
Pasadena, California

Filed March 10, 2022

Before: Jay S. Bybee and Mark J. Bennett, Circuit Judges,
and Joseph F. Bataillon,* District Judge.

Opinion by Judge Bennett;
Concurrence by Judge Bataillon

---

* The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

## SUMMARY[**]

### Tax

The panel affirmed the Tax Court's dismissal for lack of jurisdiction of Ritchie N. Stevens and Julie A. Keene-Stevens's untimely petition for redetermination of federal income tax deficiencies for the partnership SNJ Limited ("SNJ").

In 2017 and 2018, the Commissioner of Internal Revenue issued SNJ Notices of Final Partnership Administrative Adjustment ("FPAA") for tax years 2006 and 2008, addressed to various individuals or entities at two different addresses. The only material difference between the 2017 FPAAs and the 2018 FPAAs was that the latter corrected the name of the partnership on the schedules of adjustments attached to the FPAAs. Appellants petitioned the Tax Court for a redetermination of federal income tax deficiencies for those years, and the Tax Court dismissed the petition as untimely because Appellants failed to petition within 150 days of November 1, 2017, when the Commissioner issued the first FPAA.

Appellants argued that their petition was timely because Internal Revenue Code ("I.R.C.") § 6223(f) barred the Commissioner from issuing more than one FPAA pertaining to a partnership's taxable year, and the last FPAA issued by the Commissioner on March 6, 2018, was the only valid FPAA. The panel concluded that the FPAA issued on

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

November 1, 2017, was the only valid FPAA, and that Appellants' petition was therefore untimely.

First, the panel rejected Appellants' argument that the 2017 FPAAs were invalid because they were sent to the wrong addresses.  Appellants argued that the FPAAs sent to one address – the "Troon address" – were invalid because Appellants had not lived there for a number of years.  The panel rejected this argument, explaining that Appellants' petition stated that they "at all times herein had a legal residence" at the Troon address, and that SNJ's unsigned partnership returns for 2006 and 2008, which were sent in 2014 and 2016, listed the Troon address.  The panel agreed with the Tax Court that the Commissioner was allowed, though not required, to use information provided on the unsigned returns, even though the unsigned returns did not comply with the applicable regulations.

Appellants also argued that the 2017 FPAAs sent to another address – the "Eastern address" – were invalid because they were addressed only to the "tax matters partner" ("TMP") and not a named person.  The panel rejected this argument as foreclosed by *Chomp Assocs. v. Comm'r*, 91 T.C. 1069 (1988).  The panel also observed that Appellants did not dispute that they used the Eastern address in their filings in another case involving their individual income tax liability.  The panel wrote that the Internal Revenue Service is not limited to relying on information included in a partnership return or other statements, and instead may use other information in its possession in administering of the Internal Revenue Code.

Appellants also argued that the Commissioner knew (or should have known) to send the FPAAs to their address in Utah or to SNJ's agent in Nevada, because that address was

used in two prior Tax Court cases, the Commissioner's attorney in those cases was the same one involved in the present case, the Commissioner previously issued a tax refund to Ritchie Stevens at the Utah address, and SNJ had a registered agent in Nevada. The panel rejected these arguments, explaining that the Commissioner was not obligated to use or search for any of that information, and that Appellants provided no evidence that they furnished their preferred addresses to the Commissioner in the legally required manner.

Appellants next argued that the first 2017 FPAA was void, under I.R.C. § 6231(a)(3), because it was sent before expiration of the waiting period triggered by notice of the beginning of administrative proceedings under I.R.C. § 6223(d)(1). The panel rejected this argument, concluding that an August 1, 2017, letter sent to the partnership with a summary report did not constitute notice of the beginning of administrative proceedings under I.R.C. § 6223(d)(1), and thus did not start the waiting period.

Appellants argued that the 2017 FPAAs were invalid because they were superseded by the 2018 FPAAs. The panel wrote that simply incorrectly or unnecessarily sending a second FPAA does not equal fraud, malfeasance, or a misrepresentation of a material fact under I.R.C. § 6223(f), and thus does not necessarily invalidate the first set of FPAAs. Because Appellants offered nothing more, the panel concluded that the FPAAs issued on November 1, 2017, were valid, the 2018 FPAAs were invalid, and the Tax Court properly dismissed Appellants' petition as untimely.

Appellants also argued for the first time on appeal that the filing deadline in I.R.C. § 6226 was not jurisdictional and that they were entitled to equitable tolling. The panel

observed that Appellants forfeited both claims by failing to raise them, or explain why they failed to raise them, before the Tax Court. However, because Appellants' contention concerned a significant jurisdictional issue, the panel exercised its discretion to reach it. The panel held that the filing deadline in I.R.C. § 6226 is jurisdictional and cannot be equitably tolled.

Judge Bataillon wrote separately to concur in the result, but did not believe that the Court needed to address jurisdictional/equitable tolling issue.

## COUNSEL

Fritz Jay Firman (argued), Costa Mesa, California, for Petitioners-Appellants.

Pooja Boisture (argued), Jacob Christensen and Marion E.M. Erickson, Attorneys; David A. Hubbert, Deputy Assistant Attorney General; Tax Division, United States Department of Justice, Washington, D.C.; for Respondent-Appellee.

**OPINION**[1]

BENNETT, Circuit Judge:

On June 7, 2018, appellants Ritchie N. Stevens and Julie A. Keene-Stevens petitioned the Tax Court for a redetermination of 2006 and 2008 federal income tax deficiencies for the partnership SNJ Limited ("SNJ"). The Tax Court dismissed because appellants failed to petition within 150 days of November 1, 2017, when the Commissioner of Internal Revenue ("Commissioner") issued the first Notices of Final Partnership Administrative Adjustment ("FPAA"). Appellants argue that their petition was timely because Internal Revenue Code ("I.R.C.") § 6223(f) barred the Commissioner from issuing more than one FPAA pertaining to a partnership's taxable year, and the FPAA issued by the Commissioner on March 6, 2018 was the only valid FPAA. Appellants also argue that I.R.C. § 6226's filing deadline is not jurisdictional, and that they are entitled to equitable tolling. We have jurisdiction under 26 U.S.C. § 7482(a)(1) and affirm.[1]

**I.**

The Tax Equity and Fiscal Responsibility Act ("TEFRA"), Pub. L. No. 97–248, § 402, 96 Stat. 324, 648 (1982) required that the tax treatment of partnership items be determined in partnership-level proceedings that are generally binding on all partners. A partnership may identify a tax matters partner ("TMP") who will represent the

---

[1] Although appellants make a due process argument in their reply brief, this argument is deemed waived because it was not raised in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

partnership in these proceedings. *See* 26 C.F.R. § 301.6231(a)(7)–1; *United States v. Woods*, 571 U.S. 31, 39 (2013). Although the Bipartisan Budget Act of 2015, Pub. L. No. 114–74, 129 Stat. 584 (2015) repealed TEFRA effective after December 31, 2017, TEFRA's provisions govern here because this case concerns SNJ's partnership returns for 2006 and 2008.[2]

The Commissioner must mail an FPAA to the TMP and to other partners entitled to notice. I.R.C. § 6223(a)(2). If the Commissioner makes adjustments to partnership items with which the partnership disagrees, the TMP can petition the Tax Court, federal district court, or the Court of Federal Claims for readjustment of the partnership items within 90 days after the FPAA is mailed to the TMP. I.R.C. § 6226(a). If the TMP does not timely file, non-TMP partners have an additional 60 days to file such a petition. I.R.C. § 6226(b)(1).

On November 1, 2017, the Commissioner mailed FPAAs for 2006 and 2008, addressed to the "Tax Matters Partner of SNJ, LTD." Each FPAA was sent to two addresses: 2090 Troon Dr., Henderson, NV ("Troon address") and 3980 S. Eastern Ave., Las Vegas, NV ("Eastern address"). On December 18, 2017, the Commissioner mailed the same set of FPAAs to the Troon address.[3] Although some of the

---

[2] To avoid confusion, this Opinion cites Title 26 of the United States Code prior to TEFRA's repeal as "I.R.C." and Title 26 after the repeal as "26 U.S.C."

[3] Although the Commissioner claims that "[o]n December 18, 2017, the Commissioner issued FPAAs . . . to the partners other than the tax matters partner by certified mail to appellants at both the Eastern Ave. and the Troon Dr. addresses," the record shows that these FPAAs were mailed only to the Troon address.

December 18, 2017 FPAAs were addressed to "RNS FAMILY IRREVOCABLE TR[UST]" instead of SNJ, the December 18, 2017 FPAAs were addressed to Ritchie Stevens or Ritchie Stevens and "J A Keen-Stevens" (in apparent reference to appellant Julie A. Keene-Stevens). The schedules of adjustments attached to the 2017 FPAAs sometimes referred to "RNS, LTD" as the partnership but listed SNJ's taxpayer identification number. On February 1, 2018, the Commissioner sent a second set of FPAAs, addressed to SNJ's TMP, to both addresses. On March 6, 2018, the Commissioner sent the 2018 FPAAs to the Eastern address, one set addressed to Ritchie Stevens and another set addressed to both Ritchie Stevens and J A Keen-Stevens. The only material difference between the 2017 FPAAs and the 2018 FPAAs is that the 2018 FPAAs corrected the name of the partnership on the schedules of adjustments attached to the FPAAs.

On June 7, 2018, appellants filed a petition with the Tax Court requesting a redetermination of the SNJ deficiencies, with the March 6, 2018 FPAAs attached to the petition. The Commissioner moved to dismiss, arguing that the Tax Court lacked jurisdiction pursuant to I.R.C. § 6226 because appellants failed to petition within 150 days of November 1, 2017, the date when the Commissioner issued the first FPAAs. Appellants argued that "any notice in regard to partnership determinations was invalid from the inception" because, among other reasons, the FPAAs were sent to the wrong addresses. Appellants also argued that the Commissioner "had every opportunity at trial . . . on December 5, 2017, to ask about the[ir preferred] address . . . while Petitioner Ritchie N. Stevens[] was a witness" in other proceedings before the Tax Court. Appellants never claimed that I.R.C. § 6226 was not jurisdictional or that they were entitled to equitable tolling.

The Tax Court began its analysis with the FPAAs. "[I]f the November 2017 FPAAs were valid, the February 2018 FPAAs were not," and "the November 2017 FPAAs were not invalid . . . ." Although appellants had never filed SNJ's signed partnership returns for 2006 and 2008, they sent the Commissioner unsigned returns for 2006 and 2008 respectively in 2014 and 2016, listing the Troon address as the partnership address. The Tax Court held that, although I.R.C. § 6223(c) required the Commissioner to mail any FPAA to the addresses provided in the partnership's returns, appellants had not provided signed returns, and the applicable regulations permitted the Commissioner to "use the information provided on the unsigned partnership returns . . . in determining where to mail the FPAAs for the years in issue."

Appellants claimed that notices sent to the Troon address were invalid because they had not lived there for "a great number of years." As for the Eastern address, appellants claimed that it was "not the address of any partnership . . . but . . . the address of the 'medical facility' in Las Vegas." Appellants also noted that the notices addressed to the TMP at the Eastern address were not directed to any named person. The court stated that it "accepted the validity of FPAAs addressed generically to a partnership's [TMP] that do not specifically name that partner," citing *Chomp Assocs. v. Comm'r*, 91 T.C. 1069, 1073 (1988) ("[S]ection 6223 does not require that a specific TMP be enumerated on the FPAA."). The court also found that, despite appellants' claim that the Eastern address was a medical facility, appellants attached to their petition the 2018 FPAA sent to the Eastern address, indicating that they could receive mail at the Eastern address.

Because the petition was filed more than 150 days after the Commissioner mailed the only valid FPAAs, the Tax Court dismissed the case for lack of jurisdiction (titling its order, "Order of Dismissal For Lack of Jurisdiction"): "Leaving aside the defects in the form of petitioners' petition, because they did not file it within 150 days after the date on which respondent mailed to SNJ's tax matters partner the only valid FPAAs covering the taxable years in issue, their petition was untimely. Consequently, we do not have jurisdiction over the present case."

Appellants moved to reconsider, arguing that the Commissioner knew or should have known to send the FPAAs to an address in Park City, Utah or to SNJ's resident agent in Nevada. The motion to reconsider disclaimed the statement in the petition that the Troon address was the appellants' legal residence "at all times herein," and "apologized to th[e] court for any confusion caused thereby." Appellants also claimed that the Commissioner had violated a waiting period of 270 days required by 26 U.S.C. § 6231(a)(3) before sending the FPAAs. The court denied the motion, finding that appellants failed to "establish[] that they provided a Park City address to respondent in any manner." The court also rejected the Nevada "resident agent" and "waiting period" claims, because those claims relied on 26 U.S.C. §§ 6223, 6231 as amended in 2015 instead of I.R.C. § 6223, which applied to SNJ's partnership returns for 2006 and 2008.

## II.

"Conclusions of law, including the Tax Court's interpretation of the Internal Revenue Code, are reviewed de novo. Whether the Tax Court has subject matter jurisdiction is a question of law and thus reviewed de novo." *Adkison v. Comm'r*, 592 F.3d 1050, 1052 (9th Cir. 2010) (citation

omitted). "We review the Tax Court's factual determinations . . . for clear error." *Est. of Trompeter v. Comm'r*, 279 F.3d 767, 770 (9th Cir. 2002). "Under the clear error standard, we will reverse the tax court only when we are 'left with the definite and firm conviction'" that the Tax Court's factual findings were wrong. *Maciel v. Comm'r*, 489 F.3d 1018, 1027 (9th Cir. 2007) (citation omitted). To have such a definite and firm conviction, we must find that the Tax Court's conclusion was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## III.

### A.

Appellants first argue that the 2017 FPAAs are invalid because they were sent to the wrong addresses. Appellants claim that the Troon address is incorrect because, while they lived there in 2006 and 2008, they no longer lived there in 2017 and 2018. But appellants' petition stated that they "at all times herein had a legal residence" at the Troon address, and SNJ's unsigned partnership returns for 2006 and 2008, which were sent in 2014 and 2016, listed the Troon address. As the Tax Court found, "the Commissioner [was] allowed, though not required" to use information provided on the unsigned returns, even though the unsigned returns "did not comply with" the applicable regulations. *See* 26 C.F.R. § 301.6223(c)–1. Appellants' claim that the Troon address was invalid lacks merit.

Appellants argue that the Eastern address is invalid with respect to the 2017 FPAAs but not the 2018 FPAAs. While appellants state that "[t]he March 6, 2018 FPAA Notice [sent to the Eastern address] was sent properly," they argue that

the FPAA sent to the same address on November 1, 2017 was invalid because it was addressed only to the "TMP" and not to a named person.  Appellants allege that the Eastern address is a medical facility where SNJ "does not have an office" and, "[w]ithout a name to connect SNJ to a person . . . at the medical office, neither the postal carrier nor anyone opening up the mail [there] would have anyway [sic] to deliver the November 1, 2017 FPAA to Mr. or Ms. Stevens."

But *Chomp* explained that FPAAs need only provide "'minimal' or adequate notice" because "[t]he concept of a TMP is . . . part of the partnership audit procedures which are to provide efficiency, convenience and economy to the tax system."  91 T.C. at 1074.  *Chomp* held that "section 6223 does not require that a specific TMP be enumerated on the FPAA" and an FPAA addressed to a TMP "provided adequate, or 'minimal' notice, as contemplated under [§] 6223(a)."  *Id*. at 1073–74.  *Chomp* rejected the contention that minimal notice "requires at the very least an identification of the taxpayer" and that the Commissioner "failed to use information that he could ascertain readily from his records" in that case, because he "mailed the FPAA . . . to all requisite partners . . . at their known addresses, as provided by the partnership."  *Id*. at 1074–75.

In this case, appellants do not dispute that they "used [the Eastern] address in their filings in another case involving their individual income tax liability."  "In addition to the information on the partnership return and that supplied on statements filed under this section, the Internal Revenue Service may use other information in its possession . . . in administering subchapter C of chapter 63 of the Internal Revenue Code."  26 C.F.R. § 301.6223(c)–1(f).  Because the Commissioner sent the November 1, 2017 FPAAs addressed

to SNJ's TMP to the address given by appellants, the Tax Court properly held that "the November 2017 FPAAs were not invalid by reason of being improperly addressed."

## B.

Appellants also claim that the Commissioner knew (or should have known) to send the FPAAs to their address in Utah or to SNJ's agent in Nevada. Appellants claim that the Commissioner knew or should have known their Utah address because they were "parties in two [prior] Tax Court cases" involving their individual income tax returns, and the Commissioner's attorney in the individual income tax cases below was the same attorney for the Commissioner in the partnership case below. Appellants also claim that the Commissioner issued a tax refund in 2011 to Ritchie Stevens and mailed the refund to him at a Park City, Utah address, and that SNJ had a registered agent in Nevada.

But the Commissioner is not obligated to use or search for any of that information, and appellants provide no evidence that they furnished their preferred addresses to the Commissioner in the legally required manner. In mailing FPAAs or other notices, I.R.C. § 6223(c)(1) required the Commissioner to "use the names, addresses, and profits interests shown on the partnership return." According to § 6223(c)(2), the Commissioner "shall use additional information furnished . . . by the [TMP] or any other person in accordance with regulations prescribed by the Secretary [of the Treasury]." Moreover, 26 C.F.R. § 301.6223(c)–1(b) states:

> Any person may furnish additional information at any time by filing a written statement with the Internal Revenue Service. However, the information contained in the

statement will be considered for purposes of determining whether a partner is entitled to a notice described in section 6223(a) only if the Internal Revenue Service receives the statement at least 30 days before the date on which the Internal Revenue Service mails the notice to the tax matters partner. . . . A statement furnished under this section generally must be filed with the service center where the partnership return is filed. . . . The statement shall . . . [i]dentify the partnership, each partner for whom information is supplied, and the person supplying the information by name, address, and taxpayer identification number . . . [e]xplain that the statement is furnished to correct or supplement earlier information with respect to the partners in the partnership . . . [s]pecify the taxable year to which the information relates . . . [s]et out the corrected or additional information; and . . . [b]e signed by the person supplying the information.

Further, "[i]n addition to the information on the partnership return and that supplied on statements filed under this section, the Internal Revenue Service may use other information in its possession . . . [but it] is not obligated to search its records for information not expressly furnished under this section." 26 C.F.R. § 301.6223(c)–1(f).

Appellants do not dispute that signed partnership returns for 2006 and 2008 were never filed. Thus, there was no address I.R.C. § 6223(c)(1) required the Commissioner to use. There is no evidence that any other information that the Commissioner had or should have had according to

appellants—such as Ritchie Stevens' Park City address to which a tax refund was mailed—was furnished to the Commissioner according to the applicable regulations. Even though the Commissioner may have had access to the other address information presented by appellants, the Commissioner was not required to use it.

## C.

Appellants claim that the "FPAA dated November 1, 2017 was void under I.R.C. § 6231(a)(3) because it was sent sooner than 270 days after [an] August 1, 2017 letter was sent to the partnership."**[4]** On August 1, 2017, or about 92 days before the November 1, 2017 FPAAs were sent, the Commissioner sent a letter addressed to the "Tax Matters Partner" of SNJ to the Troon address including a copy of the "summary report on the examination of [SNJ] . . . explain[ing] all proposed adjustments including facts, law, and conclusion" and informing the TMP that the TMP "and the examining agent must agree on the date, time, and place for the closing conference" to "discuss all proposed adjustments in the summary report." I.R.C. § 6223(d)(1) required the Commissioner to send certain partners a "[n]otice of beginning of [administrative] proceedings" concerning a partnership, and to wait 120 days before mailing any FPAA resulting from those administrative proceedings. Though the Tax Court noted in its order denying reconsideration that "Petitioners provide no

---

**[4]** I.R.C. § 6223(d)(1) required the Commissioner to send a notification of the beginning of an administrative proceeding at least 120 days before sending an FPAA. TEFRA, which included I.R.C. § 6223(d)(1), was repealed effective on January 1, 2018. *See* Bipartisan Budget Act of 2015, Pub. L. No. 114–74, 129 Stat. 584 (2015). But the repeal did not affect the applicability of the 120-day waiting period for the years in question here—2006 and 2008.

evidence that respondent failed to comply with that rule," it did not discuss whether the August 1, 2017 notice *was* a "notice of beginning of administrative proceedings" under I.R.C. § 6223.[5]

The August 1, 2017 letter from the Commissioner is not a notice of the beginning of an administrative proceeding, and thus did not start the 120-day waiting period. The August 1, 2017 letter does not claim to be such a notice and does not describe any administrative proceeding. The August 1, 2017 letter states that it "enclose[s] a copy of our summary report on [SNJ]" that "explains all proposed adjustments" and asks the TMP to "agree on the date . . . for the closing conference." Relevant regulations list "[c]losing conference[s] with the examining agent" and "[p]roposed adjustments" as information to be listed in "[o]ther notices" that have nothing to do with notices of the beginning of administrative proceedings. 26 C.F.R. § 301.6223(g)–1(b)(i)–(ii).[6] Because the August 1, 2017 letter is not a notification of the beginning of an administrative

---

[5] Neither the appellants' opening nor reply brief addresses whether the August 1, 2017 letter is a notice of the beginning of an administrative proceeding. The Commissioner's answering brief merely claims that the letter "was not even a notice of the beginning of an administrative proceeding; it was a cover letter to the [TMP] sent with the summary report following the examination of SNJ for its 2006 year." Although we could consider the issue waived, we choose to address it on the merits.

[6] 26 C.F.R. § 301.6223(g)–1(a) requires a TMP to forward FPAAs and notices of the beginning of administrative proceedings to other partners. 26 C.F.R. § 301.6223(g)–1(b)(i)–(ii) lists "[o]ther notices or information," which include notices of "[c]losing conference[s] with the examining agent" and "[p]roposed adjustments."

proceeding, the November 1, 2017 FPAAs did not violate I.R.C. § 6223(d)(1).[7]

**D.**

Appellants claim that the 2017 FPAAs are invalid because they were superseded by the 2018 FPAAs.[8] I.R.C. § 6223(f) barred the Commissioner from issuing more than one FPAA pertaining to a partnership for a taxable year to

---

[7] Although there is no evidence in the record that the Commissioner notified the appellants of the beginning of any administrative proceeding before sending the FPAAs, appellants never argued or produced evidence before this Court that they did not receive such a notice. Before the Tax Court, appellants' petition and their opposition to the Commissioner's motion to dismiss also failed to argue that they never received a notice beginning administrative proceedings. Thus, appellants forfeited this issue. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1158 (9th Cir. 2007) ("Absent exceptional circumstances, this court will not consider an argument that was not first raised in the Tax Court."). Appellants did claim, in one sentence in their motion to reconsider, that "[n]or were there any notices of any initiation of any partnership administrative proceeding." Even assuming that one sentence in a motion to reconsider sufficiently "raised" the issue below, appellants waived the issue on appeal by failing to address it their opening brief. *See United States v. Salman*, 792 F.3d 1087, 1090 (9th Cir. 2015) ("The threshold question is whether [appellant] waived the present argument by failing to raise it in his opening brief on this appeal, even though he had raised it below . . . . Ordinarily, we will not consider 'matters on appeal that are not specifically and distinctly argued in appellant's opening brief.'" (internal quotation marks omitted)), *aff'd*, 137 S. Ct. 420 (2016).

[8] We have discussed above and rejected other reasons that the 2017 FPAAs were allegedly invalid, including appellants' claims that they did not live at the Troon address, that the FPAAs sent to the Eastern address should have been addressed to a named partner instead of the TMP, and that the Commissioner knew (or should have known) to send the FPAAs to appellants' preferred addresses.

the same partner, absent "a showing of fraud, malfeasance, or misrepresentation of a material fact." According to appellants, issuing the 2017 FPAAs violated 26 U.S.C. § 6231(a)(3) and this alleged violation constitutes malfeasance.[9] We disagree. That a second set of FPAAs was issued does not prove fraud, malfeasance, or misrepresentation of a material fact. The Tax Court held in *Wise Guys Holdings, LLC v. Comm'r*, 140 T.C. 193, 194, 199–200 (2013), that "the second FPAA is invalid (and thus disregarded) because [§] 6223(f) precluded [the Commissioner] from properly mailing the second FPAA . . . [when] the mailing of the second FPAA was more the result of a mistake . . . . on the part of the IRS than of fraud, malfeasance, or a misrepresentation of a material fact." We agree that simply incorrectly or unnecessarily sending a second FPAA does not equal fraud, malfeasance, or a misrepresentation of a material fact. Here, appellants offered nothing more. Thus, because there was no fraud, malfeasance, or misrepresentation of a material fact, only the 2017 FPAAs were valid.

Appellants claim that the very fact that the Commissioner mailed a second set of FPAAs indicates that the first set of FPAAs was invalid.[10] But appellants' argument can't be reconciled with *Wise Guys Holdings*, which held that sending a second set of FPAAs does not necessarily invalidate the first set. 140 T.C. at 199–200.

---

[9] As stated above, the applicable provision is I.R.C. § 6223(d)(1), not 26 U.S.C. § 6231. *See supra* n.4.

[10] The Commissioner claims to have sent the 2018 FPAAs "out of an abundance of caution."

And we believe *Wise Guys Holdings* correctly decided the issue.

Thus, the FPAAs issued on November 1, 2017 were valid and the 2018 FPAAs were invalid. Because June 7, 2018 is more than 150 days after November 1, 2017, the Tax Court properly dismissed appellants' petition. *See Wise Guys Holdings*, 140 T.C. at 200 ("We conclude that the second FPAA is invalid, and we disregard it for purposes of deciding whether petitioner's petition was timely filed to invoke the Court's jurisdiction to decide this case.").

## IV.

Appellants argue for the first time on appeal that the filing deadline in I.R.C. § 6226 is not jurisdictional and that they are entitled to equitable tolling. Appellants forfeited both claims because they never raised them before the Tax Court and do not explain why they failed to raise those claims. *See Monetary II Ltd. P'ship v. Comm'r*, 47 F.3d 342, 347 (9th Cir. 1995) ("[Appellant] neither raised this issue below, nor provides any justification for its failure to do so. . . . As no exceptional circumstances affecting failure to raise the issue have been demonstrated, [appellant] is deemed to have waived this claim."). But because appellants' contention concerns a significant jurisdictional issue, we exercise our discretion to reach it. *Cf. Wood v. Milyard*, 566 U.S. 463, 472 (2012) ("Affording federal courts leeway to consider a forfeited timeliness defense was appropriate, we again reasoned, because [the Antiterrorism and Effective Death Penalty Act's] statute of limitations, like the exhaustion doctrine, 'implicat[es] values beyond the concerns of the parties.'" (second alteration in original)). We hold that the filing deadline in I.R.C. § 6226 is jurisdictional and cannot be equitably tolled. *See Dolan v. United States*, 560 U.S. 605, 610 (2010) ("[A]

'jurisdictional' deadline prevents the court from permitting or taking the action to which the statute attached the deadline.  The prohibition is absolute.  The parties cannot waive it, nor can a court extend that deadline for equitable reasons.").

The Supreme Court has held that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006).  Courts are instructed to "consider 'context, including [the Supreme] Court's interpretations of similar provisions in many years past' as probative of whether Congress intended a particular provision to rank as jurisdictional." *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153–54 (2013) (citations and original alterations omitted).  Congress need not "incant magic words in order to speak clearly." *Id*. at 153.

I.R.C. § 6226 is entitled "Judicial review of final partnership administrative adjustments."  The deadlines at issue are found in I.R.C. § 6226(a) and 6226(b)(1).  I.R.C. § 6226(a) permits a TMP to petition for judicial review of an FPAA within 90 days after the Commissioner mails the FPAA to the TMP.  If the TMP does not file such a petition in the 90-day period, I.R.C. § 6226(b)(1) permits a partner other than the TMP to petition within 60 days after the 90-day period given in I.R.C. § 6226(a).  I.R.C. § 6226(f), entitled "Scope of judicial review," provides:

> *A court with which a petition is filed in accordance with this section shall have jurisdiction* to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper

allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

I.R.C. § 6226(f) (emphasis added).[11]

Appellants claim that Congress did not intend § 6226 to be jurisdictional because "the so[-]called link in jurisdiction to timely filing is not in the same subsection." However, nothing requires a filing deadline and an indication of whether the filing deadline is jurisdictional to be in the same subsection. Moreover, § 6226(f)'s statement that "[a] court with which a petition is filed in accordance with this section shall have jurisdiction" does link the filing deadline to a grant of jurisdiction. The Fifth Circuit, in *A.I.M. Controls, L.L.C. v. Commissioner*, 672 F.3d 390 (5th Cir. 2012), found that § 6226(f) "reflects that Congress intended to make § 6226's time limits jurisdictional." *Id.* at 394. The court held that "while this provision does not explicitly exclude jurisdiction without a timely filing, [§ 6226] provides

---

[11] Following the repeal of the old I.R.C. § 6226(f), 26 U.S.C. § 6234(c) is now entitled "Scope of judicial review" and is materially identical to the old I.R.C. § 6226(f) in both wording and function:

> *A court with which a petition is filed in accordance with this section shall have jurisdiction* to determine all partnership-related items for the partnership taxable year to which the notice of final partnership adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount for which the partnership may be liable under this subchapter.

26 U.S.C. § 6234(c) (emphasis added).

strong[] evidence of [c]ongressional intent for a
jurisdictional requirement." *Id*. The Fifth Circuit also
observed that "§ 6226's text . . . links the filing deadline to
the court's jurisdiction." *Id*. at 394.

We therefore hold that the filing deadline in I.R.C.
§ 6226 is jurisdictional. Because the filing deadline is
jurisdictional, equitable tolling is unavailable and we need
not consider appellants' tolling arguments.

**AFFIRMED**.

---

BATAILLON, District Judge, concurring:

I write separately to concur in the result. However, I do
not believe the Court need address the
jurisdictional/equitable tolling issue. I therefore respectfully
do not join in Section IV of the opinion.

In the instant case, it is unnecessary to perform an
analysis of congressional intent for a statute with no specific
language concerning time-limited jurisdiction. Based on the
record at hand, it is apparent the Commissioner initially
believed its first notice was potentially invalid, otherwise no
second notice was necessary. Equitably, it would not be
unreasonable to compute any time limitation from the
Commissioner's later notice. I have no doubt there are
instances in which equity would dictate a less rigid deadline
enforcement (e.g. death, disability, or incapacitation).
Whether Congress intended to preclude such exceptions is a
question not raised in the Tax Court below. There is no
record to fully appreciate any equitable tolling argument or
legislative history. Thus, the Majority's finding of a
statutory jurisdictional filing limitation may be correct but it
is not supported by a fully developed record. Before limiting

the court's equitable jurisdiction, I would prefer to decide the matter after both sides developed the record and the Tax Court fully considered the matter.

In the instant case, it is sufficient to decide this matter without addressing the jurisdictional issue which the appellants failed to raise before the Tax Court. *See Monetary II Ltd. P'ship v. C.I.R.*, 47 F.3d 342, 347 (9th Cir. 1995) ("[Appellant] neither raised this issue below, nor provides any justification for its failure to do so. . . . As no exceptional circumstances affecting failure to raise the issue have been demonstrated, [appellant] is deemed to have waived this claim.").

Accordingly, I believe the equitable tolling issue addressed by the appellants is improperly raised before this Court and is unnecessary to address.